UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA NICOLE MORGAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 2:24-cv-00340-CSK<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 17, 21) |

Plaintiff Latasha Nicole Morgan seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is DENIED, the Commissioner's cross-motion is GRANTED, and the final decision of the Commissioner is AFFIRMED.

I.　**SOCIAL SECURITY CASES:  FRAMEWORK & FIVE-STEP ANALYSIS**

The Social Security Act provides benefits for qualifying individuals unable to

---

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 6, 8, 9.)

1

"engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. § 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. § 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final

decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On September 27, 2021, Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, alleging she has been disabled since May 30, 2021. Administrative Transcript ("AT") 26, 170, 151, 321 (available at ECF No. 10). Plaintiff claimed disability due to "problem with nerves in stomach" and "chronic irritable bowel syndrome." AT 151. Plaintiff's application was denied initially and upon reconsideration, and she sought review before an ALJ. AT 150-69, 171-91, 215-17. Plaintiff appeared with a representative at a February 16, 2023 hearing, where Plaintiff testified about her impairments and a vocational expert testified about hypothetical available jobs in the national economy. AT 43-66.

On March 20, 2023, the ALJ issued a decision finding Plaintiff was not disabled. AT 23-42. The ALJ considered that there is a March 2018 prior decision by an ALJ finding Plaintiff "not disabled," which applies a presumption of ongoing non-disability. AT 26; see AT 133-49. The ALJ found that Plaintiff rebutted this presumption due to a "changed circumstance" as Plaintiff now has a "severe psychological impairment and limitations." AT 26. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 27, 2021. AT 28. At step two, the ALJ determined Plaintiff had the following severe impairments: irritable bowel syndrome (IBS) with constipation, obesity, and depression. AT 29. At step three, the ALJ found Plaintiff's impairments or combination of impairments did not meet or medically equal any Listing. Id. (citing 20 C.F.R Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered Listing 5.06 (inflammatory bowel disease) for Plaintiff's physical impairments, and Listings 12.04 (depression) and 12.06 (anxiety) for Plaintiff's mental impairments, examining the "Paragraph B" criteria for the mental impairments.[2] AT 29-30. The ALJ found that while there is no listing for obesity, the ALJ considered Plaintiff's obesity when evaluating the medical evidence as required. AT 29. The ALJ found Plaintiff mildly limited in understanding, remembering, or applying information and in adapting or managing oneself; she also found Plaintiff moderately limited in interacting with others and in concentrating, persisting or maintaining pace. AT 30. The ALJ also examined the "Paragraph C" criteria and found no evidence of this. AT 31.

The ALJ then found Plaintiff had the residual functional capacity to perform light

---

[2] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. See 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b. "Paragraph C" of listings including 12.04 and 12.06, provides criteria used to evaluate "serious and persistent mental disorders." To be "serious and persistent" there must be a medically documented history of the existence of the mental disorder over a period of at least 2 years. Id., sub. A.2.c.

work (20 C.F.R. § 416.967(b)).

> The [Plaintiff] must avoid moderate exposure to moving machinery and unprotected heights. The [Plaintiff] can frequently stoop, crouch, crawl, kneel, balance, and climb ramps and stairs. The [Plaintiff] can perform simple, routine, repetitive task [*sic*] with only occasional interaction with the public.

AT 31. In crafting this residual functional capacity, the ALJ stated she considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, medical opinions and prior administrative medical findings. AT 31. The ALJ found that Plaintiff's allegations of physical and mental disability were not entirely consistent with the medical and other evidence. AT 33.

Based on the residual functional capacity, the ALJ determined at step four that Plaintiff was incapable of performing past relevant work. AT 35. However, at step five, the ALJ found Plaintiff capable of performing other jobs in the national economy, including: (i) assembler, production, light, DOT number 706.687-010, with 200,000 jobs nationally; (ii) inspector, hand packager, light, DOT number 559.687-074, with 109,000 jobs nationally; and (iii) garment folder, light, DOT number 789.687-066, with 56,000 jobs nationally.[3] AT 36. The ALJ found that there were jobs that exist in significant numbers in the national economy that the Plaintiff can perform. *Id.* Thus, the ALJ found Plaintiff not disabled during the relevant period. AT 37.

On May 9, 2023, Plaintiff requested that the Appeals Council review the ALJ's decision (AT 318-20), and on July 15, 2023, Plaintiff submitted additional briefing providing reasons that she disagreed with the ALJ decision (AT 482-92). The Appeals Council considered this request and the additional briefing. AT 1. The Appeals Council made Plaintiff's request and reasons supporting the request part of the Administrative Transcript. AT 1-6; *see* AT 318-20, 482-92. On December 11, 2023, the Appeals Council

---

[3] "Light" in the ALJ's step-five determination references light work, as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).

rejected Plaintiff's appeal. AT 1-6. Plaintiff filed this action in district court requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 17, 21.) In lieu of a reply brief, Plaintiff filed a notice of submission on her brief. (ECF No. 22.)

## III.   ISSUES PRESENTED FOR REVIEW

Plaintiff contends the ALJ erred by failing to (1) sustain her burden under step five by not resolving the conflict created by new evidence about the number of jobs available in the national economy, provided after the ALJ decision; and (2) properly evaluate Plaintiff's symptom testimony. Plaintiff seeks either remand for direct payment of benefits or remand for further proceedings. (ECF No. 17.)

The Commissioner argues the ALJ: (1) reasonably discounted Plaintiff's subjective statements; and (2) that the ALJ"s decision is supported by substantial evidence even considering the evidence Plaintiff submitted to the Appeals Council about the number of jobs in the national economy. (ECF No. 21.) Thus, the Commissioner contends the decision as a whole is supported by substantial evidence and should be affirmed. (*Id.*)

## IV.   DISCUSSION

### A.   Step Five Analysis

Plaintiff argues that the ALJ's decision at step five was not supported by substantial evidence considering the new evidence Plaintiff submitted to the Appeals Council. *See* Pl. MSJ at 6-10 (ECF No. 17).

#### 1.   Plaintiff's New Evidence

In her request for review of the ALJ's decision by the Appeals Council, Plaintiff presented evidence about the number of jobs available in the national economy that conflicted with the testimony of the vocational expert. AT 482-492. Plaintiff used the program "Job Brower Pro," and presented evidence that there are 15,050 jobs in the national economy for assembler, production (AT 488-89); 6,143 jobs in the national economy for inspector and hand packager (AT 491-92); and 22 jobs in the national

economy for garment folder (AT 486). AT 483-84. This totals 21,215 jobs in the national economy. AT 484.

### 2. Legal Standards

When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record. *Brewes*, 682 F.3d at 1163. The court must consider this evidence when determining whether the Commissioner's final decision is supported by substantial evidence. *Id.*

At step five, the Commissioner bears the burden to show that Plaintiff can perform some other work that exists in "significant numbers" in the national economy, considering Plaintiff's "residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The Commissioner can rely on testimony of a vocational expert to meet this burden. *Id.* A qualified vocational expert's testimony about the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support the ALJ's step-five finding, and can count as substantial evidence even when not accompanied by supporting data. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022). However, while a VE's testimony is "inherently reliable" it is "not incontestable." *Id.* at 1193 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017). The Ninth Circuit has held that when there is a "vast discrepancy between the vocational expert's job numbers and those tendered by [Plaintiff], presumably from the same source," the ALJ is obligated to resolve this dispute. *Buck*, 869 F.3d at 1152; *Kilpatrick*, 35 F.4th at 1093. An ALJ may not ignore "significant probative evidence," but need not address evidence that is "meritless or immaterial." *Kilpatrick*, 35 F.4th at 1193-94; *White v. Kijakazi*, 44 F.4th 828, 836-37 (9th Cir. 2022).

### 3. Analysis

The Appeals Council considered new evidence submitted by Plaintiff about the number of available jobs in the national economy, and this new evidence is part of the Administrative Transcript. AT 1-6, 482-92. The Appeals Council "found that the reasons

do not provide a basis for changing" the ALJ's decision. AT 1. Therefore, the Court will consider this evidence when reviewing the ALJ's decision for substantial evidence. *See Brewes*, 682 F.3d at 1163; *White*, 44 F.4th at 836-37.

Plaintiff argues that the new evidence about the number of jobs available in the national economy is significant and probative, warranting remand to address inconsistencies in the record evidence. Pl. MSJ at 8-10. Based on Plaintiff's estimate, there are 21,215 jobs available that she could perform, compared to the 365,000 jobs available that the vocational expert estimated. *Id.* at 10. Though the Ninth Circuit has not set a "bright-line rule" to determine what constitutes a "significant number" of jobs, its analysis of the issue is instructive. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). In *Gutierrez v. Commissioner of Social Security*, 740 F.3d 519, 529 (9th Cir. 2014), the Ninth Circuit held that the ALJ did not err in concluding that 25,000 national jobs constituted a significant number, but it was a "close call." The court must uphold the ALJ's decision if the number of national jobs is found to be significant. 42 U.S.C. § 423(d)(2)(A); *Beltran*, 700 F.3d at 389-90. Multiple courts in this Circuit have found numbers near 21,000 jobs in the national economy to be significant. *See, e.g.*, *Elizabeth M. Saul*, 2021 WL 1060232, at *2 (C.D. Cal. Mar. 19, 2021) (finding 21,000 jobs in the national economy sufficient); *Anna F. v. Saul*, 2020 WL 7024924, at *6 (C.D. Cal. Nov. 30, 2020) ("Whether 21,100 jobs in the national economy is 'significant' is not entirely settled, yet the relevant caselaw indicates it is."); *Shaw v. Saul*, 2020 WL 13582509, at *6 (D. Ariz. Oct. 16, 2020) (collecting and comparing cases, and finding 20,797 jobs significant). Therefore, the Court finds that 21,215 jobs in the national economy is significant, and any potential error made by the vocational expert is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Therefore, ALJ's decision at step five is supported by substantial evidence and should be affirmed.

      **B.**    **Subjective Symptom Testimony**

Plaintiff also argues that the ALJ failed to properly evaluate Plaintiff's symptom

testimony. Pl. MSJ at 10-15. Plaintiff argues that the ALJ did not provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony by merely reciting the medical evidence. *Id.* at 12.

### 1. Legal Standards

A claimant's statements of subjective symptoms alone are insufficient grounds to establish disability. 20 C.F.R § 416.929(a). If an ALJ was required to believe every allegation of pain or impairment, disability benefits would run afoul of the Social Security Act and its purpose. *Treichler v. Comm'r,* 775 F.3d 1090, 1106 (9th Cir. 2014). In evaluating the extent to which an ALJ must credit the claimant's report of their symptoms, the Ninth Circuit has stated:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
>
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

*Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (quotations omitted). The ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be sufficiently specific to allow a reviewing court to conclude the adjudicator did not arbitrarily discredit a claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quotations omitted). Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony include: prescription of conservative treatment, *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); inconsistencies between the plaintiff's testimony and conduct, including daily activities, *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005); whether the alleged

symptoms are consistent with the medical evidence of record, *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); an unexplained or inadequately explained failure to follow a prescribed course of treatment, *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991); or prior inconsistent statements by the plaintiff, *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989). A lack of corroborating, objective medical evidence alone is insufficient grounds for an ALJ to discount subjective symptoms; however, it is a factor the ALJ may consider. *Rollins*, 261 F.3d at 857 (citing 20 C.F.R § 404.1529(c)(2)).

### 2. Symptom Testimony re: Physical Impairments[4]

Regarding Plaintiff's statements that she is disabled due to IBS with constipation, the ALJ began by summarizing Plaintiff's statements from her disability and function reports and at the 2023 hearing. AT 31-32. In Plaintiff's 2021 function report, Plaintiff indicated that her conditions affect her ability to do the following: lifting, squatting, bending, standing, walking, sitting, kneeling, and stair-climbing. AT 403. Plaintiff also stated she could walk half a block to a block and had to rest 5-10 minutes between walks. *Id.* Plaintiff stated that she takes care of her son, she can dress herself, take showers, and feed herself. AT 398. She does housework and goes outside everyday with her son. AT 400-01. Plaintiff drives and does shopping for food, soccer shoes, and clothes for her son. AT 401. She likes to sing and watch her son play soccer on the weekends. AT 402. She goes to the soccer field and church regularly, and previously worked for Door Dash. *Id.*; *see* AT 56-57. Plaintiff indicated that she does not go to gatherings because she is embarrassed of her restroom usage and how she looks. *Id.*

At the 2023 hearing, Plaintiff stated that her stomach is too heavy to stand for work in customer service and cashiering, and the medication she takes is a laxative and she is constantly going back and forth to the restroom. AT 48. Plaintiff states she takes gabapentin, which makes her drowsy, but that she cannot take pain medication because

---

[4] While the ALJ discusses Plaintiff's mental impairments, Plaintiff does not argue that the ALJ erred in addressing Plaintiff's mental impairments. Therefore, the Court will not address this issue.

it makes her constipated. *Id.* She testified that she could be in the restroom for 30 minutes to an hour trying to use the restroom. *Id.* She testified that she takes her son to soccer practice on Tuesdays and Wednesdays, but using the restroom there is embarrassing. AT 50. Plaintiff goes to the store a couple times a month, cooks meals for her son once a week, and does laundry and cleaning with her son. AT 51. Plaintiff testified that she is not engaged in any social activities. *Id.* Plaintiff also stated that she experiences pain from bloating that makes it difficult for her to get dressed, that she does not eat a lot and her weight fluctuates. AT 54. Plaintiff stated in the hearing that she is not asking for supplemental security income "for the rest of [her] life," but that she is asking for "a chance to change [her] career, to change [her] life to go a different way besides being a cashier." AT 55.

The ALJ concluded the symptoms Plaintiff alleged could be caused by her medically determinable impairments, but "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AT 34. Specifically, the ALJ found Plaintiff's "allegations of physical and mental disability" "not entirely consistent with the medical and other evidence." *Id.* at 33.

The ALJ properly noted the conflicts between Plaintiff's testimony and the medical and other evidence. AT 33. First, the ALJ noted that Plaintiff testified that medications helped with constipation, but she alleges abdominal pain, bloating, and frequent bathroom usage. Plaintiff's medical examinations revealed her abdomen as obese but otherwise soft, nontender, and with normal bowel sounds. *Id.*; AT 573, 751, 755, 781. The ALJ also noted that even when there were abnormalities, Plaintiff did not appear to be in any distress. AT 33, 558-59 (noting "hypoactive bowel sounds" but appearing "in no acute distress"), 781 (noting abdomen "appears distended" but appearing "in no acute distress"). The ALJ also considered that Plaintiff's gastroenterologist indicated medications were effective in the past. AT 33, 35. The ALJ cites to medical records by

Michael Ringer, MD and Jana Mooster, MD, who are discussed in the ALJ opinion.[5] *See* AT 32. The ALJ discussed that Dr. Ringer reported that Plaintiff complained of abdominal pain, constipation, and diarrhea. Plaintiff's abdomen was non-distended and her gait was normal. Plaintiff's medication had worked well in the past. AT 32, 701-02. The ALJ discussed that Dr. Mooster reported that Plaintiff complained of abdominal pain following surgeries and an examination revealed that Plaintiff was "well appearing and in no acute distress." AT 32. Dr. Mooster found that although Plaintiff's abdomen was obese, it was soft, nontender, and with normal bowel sounds. There were no musculoskeletal or extremity abnormalities. AT 751. An ALJ may weigh objective medical evidence in the record as undercutting the claimant's testimony when the objective medical evidence is inconsistent with Plaintiff's subjective testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

Second, the ALJ further noted that Plaintiff testified to having frequent bowel movements, but reported having only two bowel movements a day to her medical provider and she has not been back to her gastroenterologist who indicated medications were helpful in the past. AT 33, 554, 559, 702. Plaintiff reported that she is "constantly using the restroom because the medication I take give[s] me diar[rhea]." AT 397. Plaintiff argues that her testimony is not inconsistent with the medical findings because "[d]espite being constipated, using the restroom frequently still occurs." Pl. MSJ at 14. The Court disagrees. The ALJ properly discounted Plaintiff's testimony here because it conflicted with the medical evidence. *See Rollins*, 261 F.3d at 857. The medical evidence showed that Plaintiff reported having only two bowel movements a day, which conflicted with Plaintiff's other testimony.

Third, Plaintiff argues that the ALJ "did not rely on evidence of activities that contradicted [Plaintiff's] testimony" or inconsistencies between Plaintiff's testimony and her conduct. Pl. MSJ at 14. The Court disagrees. The ALJ stated that Plaintiff "can

---

[5] The ALJ also cites to medical records by two other doctors who are not discussed in the ALJ opinion.

12

perform activities of daily living, care for her child full-time, drive a motor vehicle, take her son to soccer, and attend church," and found that "overall," Plaintiff's "statements regarding severity generally inconsistent with the evidence." AT 33. An ALJ may discount a Plaintiff's statements when they conflict with her activities. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Burch*, 400 F.3d at 680-81. Plaintiff testified that she does not "like to go to people's houses or be around people because [she] ha[s] this issue with going to the bathroom" and she "[does not] like going out a lot." AT 49. She stated that she does not go out "because of the restroom issue, because of how [she] look[s]," and because her "stomach is really big." *Id.* However, Plaintiff did go out to go shopping, attend church, take her son to soccer practice twice a week and to soccer games on the weekend, and work as a Door Dash driver. AT 28, 30, 32-33, 50, 402. The ALJ reasonably discounted Plaintiff's statements because they contradicted her activities.

      Fourth, the ALJ also considered Plaintiff's diary of symptoms but did not find them persuasive. AT 34. She found that Plaintiff's reported symptoms contradicted corresponding treatment notes for those dates. For example, the ALJ found that despite reporting leg pain, head pain, stomach pain, depression, and shoulder pain in her calendar, the corresponding treatment notes for those dates indicate she was doing "okay" overall. AT 466, 816. The ALJ also found that Plaintiff's motor activity was unremarkable despite reporting significant physical pain on her calendar. AT 457, 795. The ALJ reasonably discounted this testimony because it conflicted with the medical evidence. *See Rollins*, 261 F.3d at 857.

      The ALJ could consider the objective medical evidence in resolving conflicts in Plaintiff's testimony, and did not err in finding Plaintiff's own stated extreme limitations contradicted by the medical findings in the record. *See Rollins*, 261 F.3d at 857; *see also Marshall v. Saul*, 830 F. App'x 179, 181 (9th Cir. 2020) (finding clear and convincing reasons to reject the plaintiff's symptom testimony where there was a "disjunction between his statements that [he] could not walk and medical evidence showing that his

13

gait was normal").

Plaintiff argues that the ALJ does not provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony "by simply reciting the medical evidence in support of her residual functional capacity determination." Pl. MSJ at 12. Plaintiff's argument fails because the ALJ connected this evidence to her conclusions "for the reasons explained in this decision" (AT 34), and was not required to re-summarize this evidence in the paragraph where she stated her conclusions on Plaintiff's symptom testimony. *See Treichler*, 775 F.3d at 1099 (reminding that courts should not reverse if "the agency's path may reasonably be discerned," even if explained with "less than ideal clarity" (citations omitted)).

Plaintiff also argues that the ALJ did not rely on Plaintiff's work record, and thus did not consider all relevant or probative evidence in the record. Pl. MSJ at 14. This is incorrect. The ALJ did discuss Plaintiff's work record. The ALJ noted that Plaintiff worked for Door Dash for two months, but found these earnings did not reach the level of substantial gainful activity, and acknowledged that Plaintiff stopped working due to her impairments. AT 28. The ALJ also found that Plaintiff was unable to perform past relevant work. AT 35. The ALJ did consider Plaintiff's work record, and as Defendant notes, Plaintiff has not explained how this helps her case. *See* Def. MSJ at 4 (ECF No. 21).

Finally, the ALJ did not wholly discount Plaintiff's symptom statements, such that she was deemed able to perform any job in the national economy. Plaintiff was found to be limited to light work, and "could perform simple, routine, repetitive task[s] with only occasional interaction with the public." AT 31 Under the regulations, Plaintiff's statements of subjective symptoms alone are insufficient grounds to establish disability. 20 C.F.R § 416.929(a). The Court finds the ALJ provided clear and convincing reasons for discounting the more severe aspects of Plaintiff's symptom testimony regarding her physical impairments, and the ALJ's opinion is supported by substantial evidence and is not legally erroneous. *See Brown-Hunter*, 806 F.3d at 493.

**V.     CONCLUSION**

Having addressed all of the points of error raised by Plaintiff, the Court finds the ALJ's decision otherwise supported by substantial evidence in the record and free from legal error. *See Ford*, 950 F.3d at 1148 (noting that a district court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence").

**ORDER**

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 17) is DENIED;
2. The Commissioner's cross-motion (ECF No. 21) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED; and
4. The Clerk of the Court is directed to CLOSE this case.

Dated: March 17, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, morg.0340.24